MARGARET WEBB, Appellant, v. PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA, Respondent.

St. Louis Court of Appeals, Submitted April 6, 1909. Opinion Filed May 25, 1909.

1. **APPELLATE PRACTICE: Bill of Exceptions.** An appellate court may order the original bill of exceptions, as filed in the trial court, to be produced for examination for the purpose of determining whether points urged against the abstract of the record are well taken.

2. **COSTS: Federal Courts.** It is no part of the business of the courts of this State to enforce the collection of fees and the payment of costs in Federal Courts by penalizing suitors before our courts for failure to pay the cost accrued in those courts.

3. **COSTS: Discretion of Trial Courts: Poor Person.** Where a plaintiff obtained judgment in the United States Circuit Court which was reversed and remanded by the United States Circuit Court of Appeals, not on the merits, but on a rule of pleading, and where the plaintiff afterwards dismissed her suit and filed a suit, alleging the same cause of action, in the State Circuit Court, it was an abuse of discretion of the last-mentioned court to dismiss the plaintiff's action for failure to pay the cost which had accrued in the Federal Court and refuse under the circumstances to permit the plaintiff to sue as a poor person.

Appeal from the St. Louis City Circuit Court.—*Hon. Robert M. Foster,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. J. O'Donohoe* and *F. H. Bacon* for appellant.

Judicial discretion, or discretion of the court, is a sound judgment to be exercised according to the rules of law and fixed legal principles. Judicial discretion, or discretion of the court, is defined in 14 Cyc. 383, as follows: The appellate courts can and will review the orders and judgments of the trial court involving the exercise of judicial discretion. Walton v. Walton, 19 Mo. 667; Anderson v. Hance, 49 Mo. 157; Carr v. Moss, 87 Mo. 447; In re Wilson, 95 Mo. 188; Carr v. Dawes, 46 Mo. App. 598.

*Jones, Jones, Hocker & Davis* for respondent.

STATEMENT.—The plaintiff in this case commenced action in the circuit court of the city of St. Louis against the defendant to recover $4,000, which amounts she claims to be due her under a policy payable in case of injury or death from accident, issued to her husband, who, it is alleged, had died from the effect of violent and accidental injuries, falling within the terms of the policy sued on. Shortly after the suit was commenced, the clerk of the circuit court and sheriff of the city of St. Louis filed the ordinary motion to rule plaintiff to give security for the costs which had already accrued and which would thereafter accrue, assigning for cause that plaintiff had not sufficient property subject to execution, out of which the officers of the court could levy their costs. Upon the filing of this motion, the defendant filed a motion to stay further prosecution of the suit by plaintiff, until she gave security or paid up accrued costs. This motion set up that at a former term of the court plaintiff had instituted an action on this same policy against the defendant, and that, on application of the defendant, the suit had been removed into the Circuit Court of the United States for the Eastern Division of the Eastern Judicial District of

Missouri; that on trial of the cause in that court, plaintiff obtained a verdict and judgment, on which latter defendant sued out a writ of error to the United States Circuit Court of Appeals for the circuit, and that, on a hearing of the cause in the latter court, the judgment of the circuit court was reversed and the cause remanded for a new trial; that upon the cause again reaching the United States Circuit Court, plaintiff had voluntarily dismissed her action in that tribunal, and had afterwards instituted the present suit in the circuit court of the city of St. Louis; that in the cause formerly brought and removed to the United States Court, costs incurred and accrued amounting to $525.75, part of which, it was alleged, had been paid by defendant, but all of which, it was alleged, should have been paid by plaintiff, but no part of which had been paid. Wherefore defendant prayed the court to stay further proceedings in the case until the costs in the former case had been paid and until proper and further security for costs in the present suit be given. Thereupon plaintiff filed her motion for leave to prosecute the suit as a poor person. She supported this motion by an affidavit in which she sets out that she has resided in the city of St. Louis for more than twenty-five years and had commenced her suit in the St. Louis Circuit Court, which suit was removed by defendant to the United States Circuit Court, where she recovered a judgment for $4,000, the full amount of the policy, as also interest, less $300, paid her by defendant under an alleged release; that on a writ of error being sued out and the case heard in the United States Circuit Court of Appeals, as above stated, the judgment of the lower court was reversed and the cause remanded on the ground of alleged error connected with the release above referred to; that the defendant having plead the release in bar of the suit and plaintiff replying that the release was obtained by fraud, that the jury and the United States Circuit Court had found the question of fraud in favor of plain-

tiff, but that the Circuit Court of Appeals had held that the plea of plaintiff against the release was a matter which could only be availed of in the United States Courts by bill in equity and that it could not be plead in an action at law in the United States Court. Plaintiff, admitting that she dismissed her cause when it went back to the United States Circuit Court, and that the amount of costs are as set out by defendant, further sets out in her affidavit that she has a good and meritorious cause of action against defendant on the policy; that she is of the age of seventy years and upwards; is partially blind; unable to do any manual work; wholly without means of support; has no property whatever; is unable to obtain any money with which to pay the judgment for costs, or to deposit as security for costs in the case; that she is dependent for support upon her daughter, who is dependent for a living upon giving music lessons and singing in a church choir; that she has no relatives from whom she can obtain money and unless she is allowed by the court to sue as a poor person, she will be deprived of legal redress for the injuries complained of in her suit, and stating that no similar application had been made to any court, prays that the motion of defendant for a stay of proceedings be overruled and that she may be allowed to prosecute her cause as a poor person. The circuit court sustained defendant's motion for a stay of proceedings, overruled the motion of plaintiff for leave to sue as a poor person, and dismissed the case. Plaintiff in due time filed her motion to set this aside. That being overruled she has brought the case here on appeal.

REYNOLDS, P. J. (after stating the facts).—The abstract is attacked by counsel for respondent on various grounds, and there is sharp difference of opinion between counsel on either side, as to whether the abstract correctly set out the bill of exceptions in the case. Ex-

ercising the power vested in us, we have ordered the original bill of exceptions produced before us, and have examined it. On that examination we are satisfied that the points urged against the abstract and against our retaining this appeal are not well taken. It is unnecessary to set out the points made by the very learned counsel for respondent. While some of them are technically correct, the justice of the case is so clearly and obviously with the plaintiff, that we feel that we would be doing gross wrong to throw her out of court on objections purely technical and in no way reaching the merits of the case.

The order of the circuit court entered in the case is, "that this cause be dismissed at the cost of the plaintiff, for failure of plaintiff to comply with the order of the court, sustaining defendant's motion to stay proceedings until the costs in a former cause in the Federal court, brought by plaintiff against defendant herein in this court, and removed by defendant to said Federal court, be paid."

No testimony appears to have been heard on the motions, the only matter in the shape of evidence before the court being the affidavit of the plaintiff and, as far as the abstract and the bill of exceptions show, no evidence was heard in opposition to plaintiff's application.

It is obvious that the circuit court proceeded upon the theory that plaintiff, admitting that she had not paid the costs that had accrued in the prosecution of the cause in the United States Courts, was not entitled to proceed further in the litigation. Fully recognizing the absolute necessity of lodging great discretion in the trial courts over the matter of costs, and recognizing not only the propriety but even the duty of the courts to take proper steps to see that their process is not abused, we cannot yield our approval to the manner of the exercise of that discretion in this case. While it is true that the United States Courts are courts whose jurisdiction

extends over this part of our State, yet those courts are not courts of our State, and it is no part of the business of the courts of this State to enforce the collection of fees and the payment of costs in those courts, by penalizing suitors before our courts for failure to pay the costs accrued in those courts. It has been adjudged in this case by the United States Circuit Court that plaintiff has a meritorious cause of action, and an examination of the opinion of the United States Circuit Court of Appeals, a copy of which has been filed with us, shows that that court, while reversing the case, expressly refrained from doing so on the merits, but felt compelled to do so in obedience to the Constitution and laws of the United States covering practice in those courts, and following the invariable rule of the United States Courts, rigidly adhered to, by which actions at law and suits in equity are distinctly separated, and under which, no purely equitable defenses are allowed to be interposed in actions at law. That distinction does not prevail in the courts of our State. It is so clear, from the facts, and on the face of the record in this case, that the discretion of the circuit court was unwisely and harshly exercised, that we have no hesitation whatever in setting aside its action. Even if those costs had accrued in one of our own State courts and were unpaid, it would have been a harsh and wrong act to have thrown this plaintiff, with such a case, out of court. The charter of our rights as citizens of this State commands that the courts of justice shall be open to every person. Our laws give access to our courts to the suitor coming with a meritorious case, even if that suitor is poor.

The order of the circuit court of the city of St. Louis, staying the further prosecution of the suit of plaintiff, and refusing to allow her to sue as a poor person, and dismissing her from court for failure to pay or secure costs theretofore accrued in the cause, is set aside, and the case is reversed and remanded,

with directions to the circuit court to reinstate the case and to proceed with the cause in due course of law.  All concur.